IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                            09-CR-170-LJV

STEVE S. JABAR and DEBORAH BOWERS,

                Defendants.

---

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS
SERVED ON THE FEDERAL BUREAU OF INVESTIGATION
AND THE TERRORIST SCREENNG CENTER**

**PLEASE TAKE NOTICE** that upon the annexed affidavit of the undersigned, the government hereby moves to quash the subpoenas served on the Federal Bureau of Investigation ("FBI") and the Terrorist Screening Center ("TSC") to produce documents for trial in this case.

    DATED:  Buffalo, New York, July 13, 2016.

    WILLIAM J. HOCHUL, JR.
    United States Attorney

BY:  /s/  MARIE P. GRISANTI            BY:  /s/  MARYELLEN KRESSE
      Assistant United States Attorney           Assistant United States Attorney
      United States Attorney's Office             United States Attorney's Office
      Western District of New York              Western District of New York
      138 Delaware Avenue                      138 Delaware Avenue
      Buffalo, New York 14202                 Buffalo, New York  14202
      716/843-5818                               716/843-5888
      Marie.Grisanti@usdoj.gov                 MaryEllen.Kresse@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                               09-CR-170-LJV

STEVE S. JABAR and DEBORAH BOWERS,

      Defendants.

## AFFIDAVIT

STATE OF NEW YORK   )
COUNTY OF ERIE        )   SS:
CITY OF BUFFALO     )

**MARIE P. GRISANTI**, being duly sworn, deposes and states:

1. I am an Assistant United States Attorney for the Western District of New York and am assigned to prosecute this case. This affidavit is submitted in support of the government's motion to quash subpoenas served on the Federal Bureau of Investigation ("FBI") and the Terrorist Screening Center ("TSC").

2. On or about June 2, 2016, the defense served subpoenas on the FBI and the TSC for records (Copies of those subpoenas are attached hereto as Exhibit A.)

3. Pursuant to 28 C.F.R. § 16.23(a), the Department of Justice attorney in charge of any case in which the United States is a party is required to "consider, with respect to any disclosure, the factors set forth in § 16.26(a)." One such factor is "[w]hether

1

such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose." 28 C.F.R. § 16.26(a)(1).

4.      Fed. R. Crim. P. 16 governs discovery in federal criminal cases. United States v. Armstrong, 517 U.S. 456, 461 (1996). Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Moreover, the government is only required to permit the defendant to inspect and copy items "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).

5.      Here, other than the documents already disclosed to the defense, the requests in the attachment to the TSC subpoena and requests 1-4 in the attachment to the FBI subpoena fall outside of Rule 16 and amount to an impermissible "fishing expedition." United States v. Nixon, 418 U.S. 683, 699 (1974). Moreover, Rule 17, which governs the issuance of trial subpoenas, is "not intended to provide an additional means of discovery." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). "A party seeking issuance of a Rule 17(c) subpoena for production of material prior to trial has the burden of showing good cause." United States v. Fernandes, 115 F.Supp.3d 375, 379 (W.D.N.Y. 2015) (internal quotation marks and citation omitted). Defense counsel in the case at bar have failed to show good cause. Documents sought "cannot be *potentially* relevant or admissible; they must meet the test of relevancy and admissibility at the time they are sought." United States v. Marchisio, 344 F.2d 653, 669 (2d Cir. 1965) (emphasis added)

2

6. Here, the defendants are on a fishing expedition and have made no showing whatsoever and cannot due to the irrelevance and failure of specificity attendant to the requests. See Nixon, 418 U.S. at 700.

7. With respect to requests 1, 2 and 4 of the FBI subpoena and the requests in the TSC subpoena, the government has provided the documents that the defense is entitled to receive pursuant to Rule 16, as well as *Brady*, *Jencks,* 3500 and *Giglio*. The government recognizes those obligations and will continue to provide any additional items if the government learns of anything that has not yet been turned over. In a criminal prosecution, the defense is not entitled to items beyond those obligations.

8. Request 3 is completely irrelevant to this case and information sought relates to travel in 2001-2002, years before the criminal conduct involved in this case. To my knowledge, the travel referred to in the subpoena has nothing to do with the charges against the defendants in this case.

9. Federal law requires that demands to federal agencies seeking testimony or documents must comply with procedures established by the agency from which the information is sought. See United States ex rel Touhy v. Ragen, 340 U.S. 462 (1951); see also 5 U.S.C. § 301. Federal officers may properly rely on federal regulations in refusing to supply information pursuant to a subpoena. In Touhy, the Supreme Court upheld a Justice Department order precluding an FBI agent from producing Department papers which were

in his possession. As the Court held, a subpoenaed agency employee cannot be compelled to disobey applicable "Touhy regulations." 340 U.S. at 467–70.

10. With regard to the subpoenas directed to the TSC and the FBI, 28 C.F.R. § 16.23 provides general disclosure authority in federal and state proceedings in which the United States is a party. Section 16.23(a) authorizes "every attorney in the Department of Justice in charge of any case or matter in which the United States is a party, . . . to reveal and furnish to any person . . . such testimony, and relevant unclassified material, documents, or information."

> (a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:
>
> > (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and
> >
> > (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.

11. Section 16.23(a) provide that, in making such disclosure, "[a]n attorney shall not reveal or furnish any material, documents, testimony or information, when, in the attorney's judgment, any of the factors specified in § 16.26(b) exist. . ."

> Section 16.26(b) provides that:
>
> > (b) Among the demands in response to which disclosure will **not** be made by any Department official are those demands with respect to which any of the following factors exist:

4

>(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),
>
>(2) Disclosure would violate a specific regulation;
>
>(3) Disclosure would reveal <u>classified</u> information, unless appropriately declassified by the originating agency,
>
>(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
>
>(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,
>
>(6) Disclosure would improperly reveal trade secrets without the owner's consent.

(emphasis added).

12. Attached hereto as Exhibit B is a Declaration of Supervisory Special Agent David T. Szumski of the Federal Bureau of Investigation which states that some of the documents sought by the defense are classified.

13. Because the subpoenas to the FBI and the TSC do not comply with procedures established by the Department of Justice under the <u>Touhy</u> regulations, are fishing expeditions, and the defendants have received (and will receive a few additional items) the

items they are entitled to receive in a criminal prosecution, this Court should grant the government's request to quash.

**WHEREFORE**, it is respectfully requested that this Court quash the subpoenas directed to the FBI and the TSC.

DATED: Buffalo, New York, July 13, 2016.

                                            WILLIAM J. HOCHUL, JR.
                                            United States Attorney


BY:   /s/ MARIE P. GRISANTI
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716/843-5818
        Marie.Grisanti@usdoj.gov

Sworn to before me this

13th day of July, 2016.

  */s/ Kara L. Kern*
KARA L. KERN, COMMISSIONER OF DEEDS
In and for the City of Buffalo, New York.
My Commission Expires Dec. 31, 2016.